IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JORGE SANCHEZ TRUJILLO,<br>*Petitioner*,<br>v.<br>TODD M. LYONS, *et al*,<br>*Respondents*. | Civil Action No. 3:26-cv-286<br>Hon. William S. Stickman IV |

**ORDER OF COURT**

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus, which was filed on February 19, 2026. (ECF No. 1). In part, Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, that he is entitled to a bond hearing.

On February 2, 2026, an Immigration Judge ("IJ") entered an order directing that Petitioner be removed to Mexico because he entered the United States as an alien without being admitted in violation of 8 U.S.C. § 1182(a)(6)(A)(i). (ECF Nos. 6-1 and 6-2). Petitioner preserved his right to appeal the decision to the Board of Immigration Appeals ("BIA"). However, on February 19, 2026, Petitioner filed a motion to waive appeal to the BIA, stating that he had "decided not to proceed with an appeal." (ECF No. 6-2, p. 3). The IJ granted his motion on February 25, 2026. (ECF No. 6-3). Thus, Petitioner's order of removal became administratively final on February 26, 2026, when the IJ granted Petitioner's motion to waive appeal. *See* 8 C.F.R. § 1241.1(b).

The Government is correct in noting that the basis for Petitioner's continued detention has now shifted to 8 U.S.C. § 1231(a)(1). Petitioner is to be removed within a period 90 days.

Notably, § 1231(a)(2) holds that during the 90-day removal period, "the Attorney General shall detain the alien. Under no circumstance during the removal period shall the Attorney General release an alien who has been found inadmissible under section 1182(a)(2)…." 8 U.S.C. § 1231(a)(2). Hence, Petitioner is not entitled to a bond hearing, and the Court holds that nothing about his detention is unreasonable. Should his period of detention extend beyond what has been deemed presumptively reasonable, he may then seek relief. *See e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that a period of six months of detention following the date the removal order becomes final is presumptively reasonable).[1] Lastly, the Court has no jurisdiction to enjoin Petitioner's transfer.

AND NOW, this 10th day of March 2026, IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is DENIED.

BY THE COURT:

*/s/William S. Stickman IV*
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

[1] Petitioner argues in his brief in opposition that he has filed a motion to reopen with the immigration court and if it is granted, his removal order will no longer be final. (ECF No. 7). But the Court cannot speculate as to what might occur. At this juncture, his detention without bond is warranted as his order of removal is final.